### AFFIDAVIT OF SPECIAL AGENT JASON DEFREITAS IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Jason DeFreitas, Special Agent with the Department of Homeland Security, Homeland Security Investigations, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Department of Homeland Security (DHS) United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) assigned to the Boston Field Office, and have been employed by HSI since 2006. I am currently assigned to the Cyber Group. Prior to my assignment to the Boston Field Office, I was assigned to the HSI Los Angeles Field Office, where I served as a member of the Intellectual Property Rights Group. In connection with my official duties, I have investigated and assisted other agents in investigating cases involving a wide variety of criminal violations including, but not limited to, fraud, intellectual property rights, cultural property theft, and child pornography. Prior to my employment with ICE HSI, I served as a United States Customs and Border Protection (CBP) officer at the Los Angeles International Airport for approximately four years. My duties included the interception and examination of individuals and merchandise for violations of United States laws.

2. I submit this affidavit in support of a criminal complaint charging Billy PENALOZA, YOB 1990, of Boston, Massachusetts, with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

3. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included each and every fact known to me

concerning this investigation. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

### STATEMENT OF PROBABLE CAUSE

4. Based on the information set forth in the affidavit attached hereto (**under seal**) as Exhibit A, this Court authorized a set of search warrants, docketed as 18-MJ-2290-MBB, 18-MJ-2291-MBB, and 18-MJ-2292-MBB[1] to search 160 Stanwood Street, Apt. 2, Dorchester, Massachusetts 02121 (the "SUBJECT PREMISES"), the person of BILLY PENALOZA, and the TARGET's vehicle, and a 2015 Honda Accord bearing Massachusetts registration 6FR187 (the "SUBJECT VEHICLE") for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A.

5. On June 20, 2018, Homeland Security Investigations agents, along with members of the Boston Police Department, executed the above-referenced search warrants. PENALOZA was located in his bedroom, the door to which was locked when we arrived. After the room was cleared for officer safety, agents spoke with PENALOZA in the apartment's kitchen area. PENALOZA was advised of and signed a written waiver of his Miranda rights and agreed to speak with investigators. The conversation was recorded; pertinent parts are summarized below.

6. PENALOZA told investigators he had been living at the apartment for approximately six months. He admitted that he owned a computer and a cellular phone, both of which were located in his bedroom. He told investigators that he allowed his roommates to use the computer, sometimes when he wasn't present. PENALOZA confirmed that he typically kept the door to his room locked when he wasn't present. PENALOZA told investigators

---

[1] Exhibit A was submitted in support of the application for each warrant.

that at times, he would notify the landlord's mother-in-law[2] that friends or family would be coming to his room when he wasn't there, and would ask her to let them in.

7. When investigators questioned PENALOZA about his familiarity with the dark web, PENALOZA indicated that he had heard of it but had never used it. When investigators asked specifically about the TOR browser, PENALOZA confirmed that it would be on his computer. He said that he didn't put it there, that it was already installed on his computer when he bought it at Rent-A-Center two years prior.

8. When investigators asked PENALOZA about his familiarity with The Website, PENALOZA terminated the conversation.

9. Investigators also spoke with the landlord's mother-in-law ("FD"), specifically inquiring about PENALOZA's statement that she would let individuals into his room at his request when he was not present. FD confirmed that her son and daughter-in-law owned the building, that she had lived in the apartment for the past five years, and that she maintained keys to the different rooms for emergency purposes. FD told investigators that she has never provided access to PENALOZA's room to any person, at PENALOZA's request or otherwise.

10. During the execution of the search warrant, investigators located and seized multiple items, including a Dell desktop computer, a laptop, and an iPhone. During an on-scene forensic preview of the Dell computer, agents observed at least 370 videos and images that investigators believe to constitute child pornography. Included in that number are the following:

---

[2] This individual lives at the apartment and was present during the execution. Her identity is known to the government, but redacted herein in the interest of her privacy, given that this is publicly-accessible document. She will be referenced by her initials, FD.

    a. 1.jpg – This image depicts a female child who appears to be approximately 10 to 12 years old sitting with her legs spread open, exposing her genitals. She is wearing fishnet thigh-high stockings.[3] Using forensic software, investigators were able to determine that this image was downloaded from a particular website on or about May 20, 2018.

    b. FILE0251.jpg – This image depicts a female child who appears to be approximately six to eight years old, lying on a bed while an adult female performs oral sex on her.[4]

11. In addition to those electronic devices, investigators located correspondence from Bank of America to Billy PENALOZA. The correspondence indicated that the bank was issuing PENALOZA a replacement card for his previous card (xxxx xxxx xxxx 7943). I know that the card bearing the number xxxx xxxx xxxx 7943 was associated with the account referenced in Paragraph 28 of Exhibit A.

## CONCLUSION

12. Based on the foregoing, I submit that there is probable cause to believe that:

    a. On or about May 20, 2018, PENALOZA knowingly received any child pornography that has been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A); and

    b. On or about June 20, 2018, PENALOZA knowingly possessed any material that contains an image of child pornography that has been mailed, shipped, and

---

[3] This image is available for the Court's review.
[4] This image is available for the Court's review.

transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury,

_____
Jason DeFreitas
Special Agent
Homeland Security Investigations

SUBSCRIBED and SWORN to before me on June 20, 2018.

_____ 
HONORABLE DONALD L. CABELL
UNITED STATES MAGISTRATE JUDGE

I have reviewed still images from the videos described in paragraph 10 above, and I find probable cause to believe that the images depict minors engaged in sexually explicit conduct. The Affiant shall preserve said images for the duration of the pendency of this matter, including any relevant appeal process.

_____ 
HONORABLE DONALD L. CABELL
UNITED STATES MAGISTRATE JUDGE